Good morning, Your Honors. Paul Hudson for the appellants, and with me is the Deputy City Attorney for the City of Battle Creek, Sara Sahu. Your Honor, I'd like to reserve three minutes for rebuttal. Fine. Your Honors, the primary issue in this qualified immunity appeal is whether a plaintiff may bring a claim for excessive force during handcuffing without alleging a physical injury from the cuffing. And we submit that the answer from this Court's case is no, without an allegation. Why wasn't it alleged? Poorly, perhaps. But you've got paragraphs 16, 17, 18, and 23 in the complaint that allege he's undergone surgery and has physical problems that they nonetheless forced his arms behind his back, ignored his repeated complaints of pain, and this resulted in significant injuries to Courtright. Don't we have to take that complaint in the most favorable light to the complainant, and isn't that sufficient to allege an injury? It's not, Your Honor, and that's because there's no factual allegation of an injury in the complaint, and this is something entirely within his... This resulted in significant injuries to Courtright. There's no claim by Mr. Courtright that he had swelling or bruising or any other sort of tangible injury, and when it's something that's a matter of... He knows whether he had an injury or not, and I'll submit, Your Honors, that we are taking the allegation... Well, you don't think the infliction of intense pain amounts to an injury? I mean, people recover all kinds of money for pain and suffering. The rule in this Neeg line of cases, which is for handcuffing excessive force claims, there has to be a physical injury, and that means some physical injury, meaning more than pain. It has to be a tangible... Well, why does it mean more than pain? That's the big question. Why is not pain in the handcuffing enough? I think it's frankly a prudential rule. We are trying to weed out substantial claims. But I didn't ask the question artfully enough. Why doesn't pain show physical injury? So in other words, why isn't pain a subset of physical injury? That's sort of a metaphysical question. Yes, it is. It's one I've wrestled with as well. I think that there's physical pain, and then there's a manifestation of the physical pain that is objectively observable. And what the Neeg line of cases says is that in these handcuffing cases, which applies to both the too-tight handcuffing cases, if you will, and also the unduly forceful... Well, the too-tight business, if they really are too tight, you're going to see some manifestation of it. There's going to be redness or maybe rubbing or some kind of, yeah, they were too tight. When you pull somebody's shoulders back that have just undergone rotator cuff surgery and all that, there may not be anything you can see, but certainly there may be injury and a lot of pain. I think the court's three cases in this area are the perfect example of that. In the Dixon and Hickory, there's a broken rib and a... Remind me whether each of those is a motion-to-dismiss stage case or a summary judgment. They were all summary judgment, but... Well, isn't that just a very, very significant distinction? A motion-to-dismiss requires only that you look to the face of the pleadings, drawing all the inferences in the favor of the pleader. Summary judgment says, okay, we've gotten all the evidence that's coming before this case. Have you got what you have to have to prove your case? I don't think it's a significant distinction here because either way, he has to factually allege a physical injury and he hasn't done it. He sort of danced around it and sitting here, I mean, this is outside the pleadings, but this encounter was on tape and there was no physical injury here. There's no suggestion of it. Perhaps as an officer of the court... Maybe you win at summary judgment, but that's not the stage that's before us and we are required to view the pleadings in the light most favorable to the pleader. Factual allegations, yes. Legal conclusions that I suffered injuries, which is just an element of a 1983 claim, no. So the factual allegations of, I have rotator cuff injuries, I have undergone surgery, they forced my hands behind my back, they ignored my repeated complaints of pain, and that resulted in sufficient injury aren't all of the preliminary statements factual allegations? Those are all factual allegations. And so because they didn't say the significant injury included bruises to my wrists and strain marks on my back or doctor's evaluations, I'm struggling with the fact that we're in notice pleading. It doesn't take much to allege a physical injury and I submit that if there was a physical injury here, he had every opportunity to allege one. So all he had to do was say, and I suffered an injury that expressed itself in swelling. Yes. And he's in. That would have been sufficient. How about if he said, and I suffered a physical injury? No, I think that would be a conclusory legal allegation, not a factual allegation. The Negan-Lyons cases say there has to be some allegation of physical injury. We don't have that here. But the difference here is, again, let's go back to the tight handcuffs, which is what we see. That's mostly what we see. Handcuffing tightly can cause, I mean, you want to know, was it too tight or not? And so you're looking for some manifestation of that so people don't say, oh, the cuffs were too tight. But there's no indication that it's there. This guy's pleading that. He said to them, don't pull my hands behind me and cuff me because I've got all this stuff in my shoulders going on. That's not a question of whether it was a little too tight or not. So the requirement that you show that there's a little redness on your wrist or there's a little, you know, swelling going on, disappears. This is not some crazy claim of pain because the cuffs were a little too tight. This is somebody who actually said, please don't cuff me behind my back because I'm suffering post-surgery. I think the rationale is the same either way. We want to have some manifestation of a physical injury to allow this sort of claim to proceed because otherwise, I mean, when we step back and we're asking whether it was clearly established to this officer beyond debate that when a suspect tells him that he has some sort of physical ailment to back or shoulder or whatever it is, that he was required as a matter of constitutional law to cuff him in front rather than behind. Well, we're now back to the place where we look at what the officer showed up and arrested him for. It's the kind of thing where if somebody said I've got injuries to my shoulders, why don't you cuff me in front? Goodness gracious, over this so-called offense? It was a complaint by a neighbor that he had come out of his hotel room and threatened to shoot a dog with a gun. So this was a violent offense. And there was no gun on him at the time and there's no dog anywhere around. There's no allegations in the complaint either way on that. But your honors, I think... And it seems to me that that's your problem here. We are at the motion to dismiss stage. So what evidence do you have based on the motion to dismiss, which means you're basing it on the complaint, that says that the person who called and complained about his alleged conduct was in fact an eyewitness? Your honors, I think the allegation in the complaint is that someone at the residence the traveler's in called the complaint, identified the plaintiff, and he says in that's paragraph 18, I'm sorry, and that it was the plaintiff who came out of this hotel room and threatened to shoot his neighbor's dog with a gun. I'm sorry, doesn't the complaint say that the caller couldn't have been? I mean, isn't what we draw from the complaint that the caller couldn't have been an eyewitness because Cartwright alleges that the reported events never took place? What he alleges is that he told the police that. So if I step back from this... No, we're not at motion for summary judgment. We are at a challenge to the pleadings. And doesn't the pleadings deny that what is alleged to have been called and an eyewitness, don't the pleadings deny that that occurred? They do. And don't we have to accept that? What the question is, what was conveyed to the officer at the scene? No, the question is what is in the pleading? You are on a motion to dismiss the pleading. Absolutely. The pleading denies that the reported event ever took place. We have to accept that. The question of qualified immunity, to be perfectly clear, I'm accepting every allegation in this that the reported events never took place. The call, the fact that he came out and threatened them with a gun never took place because that's what's alleged in the complaint. Yes, but what is not alleged in the complaint is that that was conveyed to the officer other than through his own denial that it occurred. So if I call the police and report that my neighbor came out of his house and threatened to shoot my dog with a gun, I hope that the police officer is going to show up and arrest him. And that's true even if my neighbor says I didn't do it, I wasn't anywhere near the scene at the time. That's exactly what these allegations are. We are here about whether this complaint states a claim that may go forward or whether you are at the position on this complaint to qualify for qualified immunity. Right. His factual allegations in the complaint have to overcome qualified immunity. And that means he has to allege that something was conveyed to the officer other than the neighbor's complaint that he came out and threatened to shoot the dog. That something was conveyed to the officer that would lead a reasonable officer to know that the neighbor's complaint was mistaken, that he was lying, and there's no factual allegation. Paragraph 13 specifically does that. Plaintiff attempted to tell Defendant Wolf that he was not in his room at the time, but was visiting friends, denied leaving his room with a gun, and threatening to shoot any animal. But that's Courtright himself saying it. And the suspect's denial does not overcome the probable cause that's presumptively created by the neighbor's complaint. That means, though, what you're saying is the law, is that any crackpot neighbor can make up some allegation that you have threatened their dog with a gun, and you will be arrested. Even though you say, I don't have a dog, I wasn't there, the officer still can arrest you, is what you're saying. And, of course, we've got a bunch of cases that we're skipping over. There's a neighbor's complaint that specifically identifies you. You can get arrested, even though you have... Yes, unless there are reasons that the officer's aware of, apparent reasons to doubt the credibility of the complaint that he was mistaken, etc. So you're saying there's basically a presumption in favor of the neighbor in the hypo that I dramatically made. Yes, and that comes from the ailer's decision in this court. And there are other cases post-ailer's that are raising questions like garden hire and things like that. Yes, the neighbor's complaint presumptively creates probable cause for the arrest. Thank you very much. We've taken you beyond your red light. Thank you, Your Honor. Sorry to do that. Good morning, Your Honor. Sean Cabot on behalf of the plaintiff. I won't be very long, but I do want to address a couple of things that the court addressed, just out of courtesy. A lot of the cases that were cited by the appellants, as the court noted, and as I was going through this, are motion for summary judgment cases. This is a 12B6. The facts aren't fully developed. But where did you allege physical injury? Because that Neague case seems to require an allegation of physical injury. Well, I think paragraph 16 does. Well, 16 says that the plaintiff advised that he was unable to put his hands behind his back. That doesn't say that he was actually injured. Well, it talks about the prior rotator cuff, and then in paragraph 18, he had repeated complaints of pain. Of course, if you're going to have pain, there's got to be a physical injury. Is that necessarily true to follow up on the question that I asked your opponent? Couldn't you have pain without a physical injury? I would disagree with that. When you have pain, unless you're talking psychological pain, you're going to have some type of physical injury. And one of the things I think is interesting is that appellant seems to argue that you have to be actionable under the Fourth Amendment. And this is a Fourth Amendment reasonableness characterization here. That you have to have some type of physical swelling or bruising. I would argue, and kind of using my own hypothetical, Judge Moore, if I was pulled over for a routine traffic stop for doing five over and the officer ordered me out of my car, I get out of my car, he asks for my license, I give him my license, there's no other issues. And then all of a sudden, he just sucker punches me as hard as he can in the gut. I'm going to be in pain. Now, within five minutes, ten minutes, I may recover. I may not even go to the doctor for that. That's gratuitous violence. It is. I'll accept your hypo. It is gratuitous violence. But is it a physical injury if you're punched in the stomach? Absolutely, because it's going to hurt. Even if I punch myself, it's going to hurt. And that's physical injury. Your point is that hurting is a manifestation of a physical injury. Of course, it could be that you're embarrassed at the way you're being treated. Like, suppose handcuffing. You could be embarrassed to be handcuffed in front of all the people who are driving by. And so it could cause you psychic pain, I suppose. Arguably, that's possible. But I think looking at the inferential allegations is we have to take them at a 12B6. If you've already indicated, I've had rotator cuff surgery, I've had shoulder problems, on and on, and, as alleged, forcefully grabbed his arms and pulled them behind his back, that's not going to be psychological pain. That's going to be physical pain. And also it's alleged in paragraph 20, injuries and damages, and 26, that the actions approximately resulted in significant injuries to plaintiff, and that's under count 1, the excessive force. One of the things that my colleagues noted was, well, you should have filed a motion to amend. Well, the district court agreed with us that our complaint was adequate. I couldn't move to amend, and I think that really flies in the face of form over subject. Because if the court wanted me to, I guess I could change two words and say, after this incident, he went to the doctor, which he did, he complained of shoulder injuries, which he did, and he had rotator cuff surgery on the left shoulder. But, again, is that really necessary at a 12B6? No. When you're faced with a motion to dismiss, wouldn't it be prudent to amend your complaint to include those more specific allegations, especially given this need case which says there has to be an allegation of physical injury? Well, first of all, they appealed right away. Before the district court grants or denies the motion to dismiss, wouldn't it be prudent when facing the motion to dismiss to seek leave to amend to cure any? I don't think so, because I think given the procedural history of this case, they were going to appeal it anyway. So even if we put that, I think they would have appealed it on another basis. As the court is aware, the docket in this case, they appealed on multiple issues. So in this case, with these appellants, I don't think that would have mattered. And quite frankly, it's not required by the case law. There is an allegation of injury. Even if it doesn't say in black and white there was a rotator cuff injury, 12B6 case law says what is a reasonable inference, not what is an extraordinary inference. A reasonable inference in this case was that there was pain. And I would request that the district court's decision be affirmed. If the court has nothing further, I'm done. Thank you, Your Honor. Thank you. Your Honor, this court has addressed this exact factual situation in three cases. It's Dixon, Crooks, and Kalik. And in two of the cases, there was a physical injury, and those claims were permitted to proceed. In the third case, Kalik, there was not. And the court held that that was the dispositive fact. Quote, because there was no allegation of physical injury, the district court correctly concluded that Kalik's excessive force claim fails. And these were all not too tight handcuffing cases. They were allegations that are exactly the same as here, where a suspect says that he had an ailment to his back or shoulder, asked to be cuffed in front, and the officer nonetheless cuffed him behind. And so it's pretty hard to say with those three cases, and the Knead case and the Lyons case, that the law is somehow clearly established in the exact opposite direction of that, that an officer uses excessive force when he uses a degree of force to cuff a suspect that does not result in physical injury. I think it's telling on the question of whether he's alleged of physical injury. We still haven't heard of physical injury from counsel,  and we've heard pain. We haven't heard of physical injury. Isn't there an issue with saying, well, you just should have amended? Because doesn't that place an attorney really between a rock and a hard place? Somebody comes with a motion to dismiss. You have got to defend the motion to dismiss. And the way you do that is by saying, my complaint is absolutely adequate, and here's why. I know that our court on occasion has said, if you say that in your response, and then at the end you say, but if the court doesn't consider it adequate, let me amend, then our court says, no good. You didn't file the motion, and the motion should have said, I need to amend my complaint, and here is why. So you're saying to plaintiff's counsel, either you go and tell the court your complaint is not good enough, and you ask the court to let you amend, or you respond and defend what's filed. It seems to me that that's a pretty tough position to use as the reason why you ought to dismiss, because you didn't actually file the motion to amend. I understand that completely, Your Honor. But I think what it highlights is we don't need to beat around the bush here and guess whether if this went back down he could allege a physical injury. I think we've heard today that what he's alleging is pain. I heard that he said that he had rotator cuff surgery afterwards. No, I think that was before. He's saying that before the incident that he had had rotator cuff surgery. We did not hear that after the cuffing that he suffered a physical injury. So the Neeg line of cases directly rejects the idea that pain is sufficient to state a claim here. There has to be a physical manifestation of an injury. Does Neeg say that an allegation of pain is not enough, or does Neeg say there must be an allegation of physical injury? There has to be an allegation of physical injury, which means a manifestation of pain. Pain is not good enough. Neeg does say pain is not good enough? Yes. Nor is an allegation of significant injury. No, I think there has to be a factual allegation of an injury, and that's sort of a pleading standards issue. That is a conclusory legal assertion. And, again, I think it's just— And we are allowed, under your argument, I'm struggling with why the preliminary factual allegations don't define and under our standard require us to infer. Because those same allegations are present in the Kalig case, where the suspect alleged that he had a problem with his back and asked the officer to cuff in front. But what was missing— Remind me again, is Kalig a summary judgment or a motion to dismiss? Summary judgment. See, and that's my problem. But you still have to— There's a distinction there. You know, I understand your argument is there's not a case here and I'm going to win. And you may be absolutely right. But the concern is that we need to honor pleading standards. And when you take summary judgment motions that are based upon entire discovery in the litigation and you impose that standard on pleadings, you have effectively slammed the door to the courts without allowing the discovery upon which the summary judgment motion is, in fact, premised. What Neig says is that without an allegation of physical injury, the claim is insufficient as a matter of law. And that can be at the pleading stage or it can be at a summary judgment stage. Let me just point out that there was the development of evidence in Neig because there was a deposition by someone named Carol Neig who agreed in her deposition that she was, quote, not claiming any physical injury to Jonathan as a result of a handcuff. No question. Those were summary judgment cases. And so there was a developed factual record. But it's still a question of law. That's different than saying that pain cannot constitute physical injury. And I'm looking at Neig now, and I don't see where there was an allegation of pain in Neig and the Sixth Circuit says, oh, pain is not enough. That was the point of all of these handcuffing cases, was everybody says, I said the cuffs were too tight and I asked the officer to take them off because it hurt. Too tight because it's hurting me. And the Neig line of cases says that is insufficient as a matter of law to state a claim. You have to have a manifestation of an injury there. And if we're asking in this specific context, outside of the too tight handcuffing, what is the clearly established law? I think the Dixon Court said it right. It is, quote, clearly established that arrestees have a right to be free from being handcuffed in a manner that causes unnecessary injury. But it's the injury part that's absent here, and that's why we submit that the officers. Well, there's a parenthetical out of Graham v. Conner, moreover a viable excessive force claim can be premised upon handcuffing, and the parenthetical says excessive force claim can be premised upon handcuffing if officer knew plaintiff had an injured arm and also knew plaintiff posed no threat. That's closer to this case than anything else you've told us about. I believe, Judge Josh, you're quoting from the general Graham excessive force case. What the Neig cases say is that we have a special subset of excessive force cases for handcuffing claims, and in handcuffing claims a requirement is a physical injury, and that has to be pleaded in the complaint, which it was not here. But I do think it sort of highlights why this is a deceptively important case, even though these are bare-bones facts, bare-bones allegations. If officers are denied qualified immunity here at the pleading stage, sort of the de facto rule that's created is that any time a suspect claims an ailment to a back or shoulder, the officer is absolutely going to have to honor that request every time and cuff in front. And there are good reasons that we don't or that we allow officers to cuff behind rather than in front. Well, because the other requirement of that parenthetical was that poses no risk of danger. So you've got that as a separate requirement. You're not going to have to cuff somebody in the front who the officer reasonably concludes poses a risk of danger. Well, what we have in the law is, I'm submitting the law is, the officer is permitted to use discretion when a suspect makes an allegation that he has some kind of ailment and has to be cuffed in front. And, in fact, this is, again, outside the pleadings, and I offer this just as illustration, but what actually happened in this case was the officer strung two sets of cuffs together so that Corbray wouldn't have to bring his arms all the way behind his back. So, you know, he was permitted to make a reasonable accommodation. But if we don't have the physical injury... So you may win on summary judgment. Yeah, and that's not the reason I raise it. The reason I raise it is the law permits the officer to sort of make those reasonable judgments. If we don't require a physical injury, then insubstantial claims like this are not going to be weeded out at the early stages, and we're going to have $75,000 damages claims, officers sitting for depositions, you know, and officers required to cuff in front on request by any suspect. So that's why I think this is sort of a deceptively important case. Thank you very much for your argument. Thank you, Your Honor. Thank you both. The case will be submitted with the clerk.